UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF CENTRAL BOAT RENTALS, INC, AS OWNER AND OPERATOR, OF THE M/V LUCKY TIGER PETITIONING FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | * * * * * * * | CIVIL ACTION NO.: <br><br> SECTION: <br><br> JUDGE: <br><br> MAGISTRATE: |

**VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, comes Central Boat Rentals, Inc., as owner and operator of the M/V LUCKY TIGER (hereafter referred to as "Complainant"), in a cause of exoneration from, or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, and avers upon information and belief, as follows:

1.

At all times pertinent to this cause, Central Boat Rentals, Inc. ("Complainant") was and is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in Berwick, Louisiana. Central Boat Rentals, Inc. was the owner and operator of the M/V LUCKY TIGER on or about 1983 through 1985.

1

2.

The M/V LUCKY TIGER is a 52 gross tons 18' X 9" by 6" pushboat vessel, and bearing Official Vessel No. 504065.

3.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule f(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

4.

Jurisdiction is proper under 28 U.S.C. §1333.

5.

Complainant used due diligence to make the aforesaid vessel seaworthy, and she was at all material times, tight, staunch, strong, and fully and properly equipped, manned, and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

6.

On or about 1983-1985, the M/V LUCKY TIGER worked as a pushboat.

7.

Upon information and belief, from approximately 1983 - 1985 Kenneth Foster was employed by Complainant and was assigned to the M/V LUCKY TIGER.

8.

During 1983-1985, Kenneth Foster alleges that he sustained exposure to benzene and benzene containing products, in combination with other benzene-containing products which, allegedly, caused Non-Hodgkin's lymphoma.

9.

Kenneth Foster alleges that he was working aboard the M/V LUCKY TIGER when his exposure occurred.

10.

As a result of the aforementioned exposure, Kenneth Foster alleges that he was diagnosed with Non-Hodgkin's lymphoma in or around November 1, 2020.

11.

The aforementioned alleged exposure and illness were not caused or contributed to by any fault, negligence, or lack of care on the part of Complainant, its owners or officers, or the M/V LUCKY TIGER, or anyone for whom Complainant may be responsible, but if the allegations are correct, were caused instead by the fault, negligence, and lack of care of other parties for whom Complainant is not responsible or by circumstances beyond the control of Complainant.

12.

The aforementioned alleged exposure, losses, damages, injuries and illness were occasioned and occurred without the privity or knowledge of Complainant.

13.

There is currently pending a proceeding relating to claims arising from Foster's exposure to benzene in 34th JDC for the Parish of St. Bernard with caption Kenneth Gregory Foster versus Central Boat Rentals, Inc., et al.

14.

This Complaint is filed within six months from the date Complainant received written notice of any claim for such exposure, damages or losses.

15.

While denying all liability, Complainant shows that in the event that it should be held liable to any degree to anyone, Complainant claims the benefit of limitation of liability provided in 46 U.S.C. §30501 *et seq* (and all law supplementary and amendatory thereto) and in Rule F of the Supplemental Rules of Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, upon showing that the incident or exposure was occasioned and occurred without the privity or knowledge of Complainant.

16.

At the time of the alleged exposure, the value of the M/V LUCKY TIGER was $80,000 (as noted by the attached Declaration of Value by James Stansbury, III) and her pending freight was $0 (as noted by the attached Declaration of Freight by Michael Patterson).

17.

Complainant shows that if it should be held liable to any degree to anyone, which is denied, the liability should be limited to and not exceed the value of Complainant's interest in the aforementioned vessel and her freight in the aggregate of $80,000.

18.

Complainant files herewith an Ad Interim Stipulation of Value in the sum of $80,000, in accordance with Rule F(1), and Complainant is also prepared, in respect to security or appraisal, to act in accordance with the provisions of Rule F(1) and (7), when and if the Court should so warrant.

19.

Parties known to potentially have claims are:

a)  Kenneth Gregory Foster
    through his attorney of record
    L. Eric Williams
    Williams Law Firm, LLC
    3000 26th Street, Suite A
    Metairie, la 70002

    and

    John J. Finekbeiner
    2203 Pakenham Drive
    Chalmette, LA 70043

b)  Verrett Shipyard, Inc.
    Through its registered agent
    Ted Verret
    62600 Bayou Jacob Road
    Plaquemine, Louisiana 70764

c)  Shell Oil Company
    Through its registered agent
    CT Corporation Systems
    3867 Plaza Tower Drive
    Baton Rouge, Louisiana 70816

d)  Shell Chemical, LP
    Though its registered agent
    CT Corporation Systems
    3867 Plaza Tower Drive
    Baton Rouge, Louisiana 70816

e)  Exxon Mobile Corporation
    Through its registered agent
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, Louisiana 70816

f)  The Dow Chemical Company
    Through its registered agent
    CT Corporation Systems
    3867 Plaza Tower Drive
    Baton Rouge, Louisiana 70816

g)  David Wagstaff, III
    Tiger Fleet, F/K/A
    National Marine, Inc. F/K/A
    National Marine, LLC
    3110 Saint Charles Avenue
    New Orleans, Louisiana 70115

h)  Herbert Oubre
    South Central Towing Co., Inc.
    726 Marshall Street
    Morgan City, Louisiana 70380

20.

**WHEREFORE,** Complainant prays:

1) That the Court issue an Order approving the Ad Interim Stipulation of Value submitted to the Court by Complainant as security for the amount or value of its interest in the M/V LUCKY TIGER and her pending freight;

2) That the Court issue an injunction to restrain the commencement or prosecution of any action or actions against Complainant, its employees, their insurers, and their property with respect to any claim for which Complainant seeks exoneration from or limitation of liability;

3) That the Court adjudge Complainant and the M/V LUCKY TIGER not liable to any extent whatsoever for damages of any kind arising out of the matters aforesaid or, in the alternative, should the Court adjudge Complainant and the M/V LUCKY TIGER liable in any amount whatsoever, that said liability be limited to and not exceed the amount of Complainant's interest in the M/V LUCKY TIGER and her pending freight;

4) That a judgment be entered discharging Complainant and the M/V LUCKY TIGER from any and all liability and forever enjoining the filing or prosecution of any claims against them as a consequence of the matters aforesaid;

5) That Complainant have such other and further relief as justice may require and this Court is competent to grant.

Respectfully submitted,

  /S/ RUFUS C. HARRIS, III
RUFUS C. HARRIS, III, T. A. (#6638)
ALFRED J. RUFTY III (#19990)
CINDY GALPIN MARTIN (#25159)
Harris & Rufty, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone:  (504) 525-7500
Attorneys for Complainant, Central Boat Rentals, Inc.